IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RRK Holding Company, a Wisconsin Corporation | ) ) ) | |
| *Plaintiff,* | ) ) | Case No. 1:04-cv-03944 |
| v. | ) ) | Hon. David H. Coar |
| Sears, Roebuck and Co., a New York Corporation | ) ) ) | Magistrate Judge Nan R. Nolan |
| *Defendant.* | | |

## DEFENDANT SEARS' SUPPLEMENTAL MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50(a)

Defendant Sears, Roebuck and Co., having presented its evidence, hereby submits two additional bases for judgment as a matter of law, not included in its earlier oral motion made on November 13, 2007, following the close of plaintiff's case.

## INTRODUCTION

Plaintiff RRK sued defendant for trade secret misappropriation and breach of a mutual non-disclosure agreement. The Court called the case for trial on the merits on November 5, 2007. The parties have presented their evidence and closed. Sears filed a motion for judgment as a matter of law at the conclusion of RRK's case on the grounds that RRK failed to provide legally sufficient evidence for a reasonable jury to find: (a) the existence of a trade secret; (b) that Sears had misappropriated the trade secret; (c) that Sears had used the trade secret in its business; (d) an appropriate "head start" period; (e) that RRK has standing; or (f) that Sears breached the NDA. That motion was denied. Sears again seeks judgment as a matter of law on those same grounds because plaintiff has not presented legally sufficient evidence for a

reasonable jury to find for RRK. In addition, Sears seeks judgment as a matter of law because RRK failed to prove that its alleged damages, under either it lost profits or unjust enrichment theory, were caused by Sears' alleged misappropriation or that Sears did not independently develop its Craftsman® All-In-One Cutting Tool.

## ARGUMENT

Federal Rule of Civil Procedure 50(a) authorizes the Court to render judgment as a matter of law against a party who, after being fully heard on an issue, does not present facts constituting a prima facie case and does not meet its burden of proof. *See* Fed. R. Civ. P. 50(a)(1); *St. Mary's Ctr. v. Hick*, 509 U.S. 502, 509 (1993). Here, RRK pleaded claims for trade secret misappropriation and breach of an NDA. Both claims required RRK to establish: (1) RRK possessed a trade secret; (2) the trade secret was misappropriated; and (3) the trade secret was used in Sears' business. *See Composite Marine Propellers, Inc. v. Van Der Woulde*, 962 F.2d 1263, 1265-66 (7th Cir. 1992) (outlining element of a misappropriation claim). RRK further had the burden of proving that it was harmed by Sears' sales of products incorporating the allegedly misappropriated "trade secret." *EFCO Corp. v. Symons Corp.*, 219 F.3d 734, 740 (8th Cir. 2000) (applying UTSA and finding that a trade secret plaintiff must prove his damages were causally related to the alleged misconduct). RRK has not introduced legally sufficient evidence to submit the issue to the jury.

## I     RRK FAILED TO PROVE CAUSATION

As Plaintiff, RRK has the burden of proving its damages. Assuming *arguendo*, that RRK proved the existence of a trade secret and Sears' misappropriation, RRK has failed to offer any evidence that its alleged lost profits or unjust enrichment were caused by the misappropriation, as to opposed to other more plausible factors, including the undisputed evidence that Sears sold its Craftsman® All-In-One Cutting Tool at an average price of about $57/unit -- less than half

the price RRK indicates it would have sold the alleged trade secret product to Sears and almost a third less than RRK indicates it would have sold to Home Depot. In other words, RRK offered no evidence that consumers purchased Sears' product because of the alleged trade secret, as opposed to the substantially lower price.

During Sears' case in chief, Sears showed that RRK was not willing to lower the price on its rotary cutting tool or its plunge base accessory. Sears offered evidence to show that the sales of these products are highly sensitive to even small price changes. For example, former RRK employee Craig Rae confirmed that, as of May of 2001, sales of Rotozip brand products were down by 50% at Sears compared to the prior year. He further testified that one particular product, the ZMRebel, enjoyed significant improvement in sales when its price was reduced from $129 to $119, but that comparative sales dropped about 50% when the price returned to $129. Sears also offered evidence, confirmed by Mr. Rae, that consumers preferred a DeWalt brand tool at $79, over a Rotozip brand tool at $89, even though the Rotozip brand tool allegedly had more features and versatility. The Dewalt brand tool so outperformed the Rotozip brand tool that Home Depot discontinued the Rotozip brand tool as a "core SKU." This scenario is particularly probative of causation -- consumers were willing to forego all of the supposed advantages of Rotozip brand tools for a mere $10 price differential.

The average sales price for the Sears' All-In-One Cutting tool was about $57 as a kit that included several accessories. Significantly, that kit was priced lower than the bare tool, which was typically offered by Sears for $79, except for special Sears' promotions. The evidence provided by RRK shows that a comparable kit from Roto Zip would have been priced at $129 (for just a tool with a plunge base, and no other accessories) at Sears, or even $229 (for a tool with a plunge base, Zip Mate, and other accessories) at Home Depot. Given the evidence that

customers were prepared to abandon the Rotozip brand name for a mere $10 price differential, the much large price differential for Sears' product strongly suggests that customers bought Sears Craftsman® All-In-One Cutting Tool because of its low price, regardless of the accessories included in the kit. RRK has offered no evidence -- not a single consumer statement, survey or expert testimony -- to indicate that customers bought the Sears product because of its inclusion of the allegedly trade secret plunge router base attachment. While RRK has made much of Sears' internal documents contemplating whether to call the product "revolutionary" (RRK hasn't established whether these words ever made it into an advertisement), and much of the "success" of the Sears tool (RRK hasn't establish any objective measure of success), neither of these types of evidence establish why consumers bought the Sears tool.

Without any such evidence, RRK has failed to meet its burden of proving lost sales or unjust enrichment, because the evidence of record shows that RRK would have lost sales[1] to Sears regardless of what was in Sears' kit. RRK failed to present sufficient evidence to allow the jury to find in its favor. Accordingly, the Court should enter judgment as a matter of law that RRK can collect no damages.

## II  SEARS INDEPENDENTLY DEVELOPED THE ALL-IN-ONE CUTTING TOOL

Sears has proven during its case in chief that it independently developed its all-in-one cutting tool. Ray Holbrook testified that he never discussed even a rotary cutting tool in general with Ralph Jones. Ralph Jones confirmed Ray Holbrook's testimony. Moreover, Ralph Jones, an accomplished woodworker with over 25 years of experience in the power tool industry, testified that he originated the idea of a plunge base for Choon Nang's rotary cutting tool, to increase its appeal to the then-ignored consumer market. The plunge base eventually developed by Choon Nang at Ralph Jones' suggestion looks and functions just like the prior art, double-post plunge

---

[1] Sears contests that RRK lost any sales at all to Sears, but that issue need not be addressed in this motion.

bases on the market long before RRK disclosed its alleged trade secret to Sears. In fact, one of the prior-art devices, the Bohler mini-tool, was selling at Sears Canada at the time that Ralph Jones made the suggestion to Choon Nang to include a plunge attachment with its rotary cutting tool. Indeed, the plunge base developed by Choon Nang even locks in the same way as the Bohler product -- by twisting the two handles.

To contradict that Ralph Jones developed this idea on his own, RRK offers two facts: (1) that Mr. Jones and Mr. Holbrook talked on occasion, and (2) that Mr. Jones' wife once spilled a cup of coffee on his laptop computer about 8-years ago (a matter which Sears maintains should not be argued in front of the jury according to the Court's earlier motion *in limine* ruling). RRK's unsupported *innuendo* that this is too much of a "coincidence," is refuted by the substantial body of prior art, including plunge bases that appeared and functioned just like the dual-plunge plunge base created by Choon Nang. In sum, there is a complete absence of proof on an issue material to both of RRK's claims, namely that Sears did not independently develop its plunge base attachment. Absent such evidence, RRK cannot establish that Sears misappropriated Roto Zip's trade secret. Accordingly, RRK's evidence of Sears' misappropriation is insufficient as a matter of law, as it would not permit a jury to find in its favor.

## CONCLUSION

For the reasons stated above, Sears asks the Court to render judgment as a matter of law in favor of Sears.

Dated: November 16, 2007                    Respectfully submitted,

By: /s/ Jeffrey G. Mote
Richard D. Harris (IL Bar No. 1137913)
Mark R. Galis (IL Bar No. 6206938)
Jeffrey G. Mote (IL Bar No. 6243534)
Cameron M. Nelson (IL Bar No. 6275585)

GREENBERG TRAURIG LLP
77 West Wacker Drive
Suite 2500
Chicago, Illinois 60601
(312) 456-8400

Attorneys for Defendant

# CERTIFICATE OF SERVICE

I, Cameron M Nelson, certify that on November 16, 2007, true and correct copies of DEFENDANT SEARS' SUPPLEMENTAL MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50(a) were served by electronic mail and U.S. mail on counsel of record for Plaintiff as set forth below:

>Mark M. Grossman, Esq.
>Lee F. Grossman, Esq.
>Grossman Law Offices
>29 S. LaSalle Street
>Suite 1210
>Chicago, Illinois 60603

/s/ Cameron M. Nelson
Cameron M. Nelson