IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RRK Holding Company,<br>a Wisconsin Corporation, | )<br>)<br>) | |
| *Plaintiff,* | )<br>) | Case No. 1:04-cv-03944 |
| v. | )<br>) | Hon. David H. Coar |
| Sears, Roebuck and Co.,<br>a New York Corporation, | )<br>)<br>) | Magistrate Judge Nan R. Nolan |
| *Defendant.* | | |

**SEARS' MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE
ALTERNATIVE, FOR A NEW TRIAL, OF NO WILLFUL AND MALICIOUS
MISAPPROPRIATION AND NO CORRESPONDING PUNITIVE DAMAGES**

**I      INTRODUCTION**

During trial, Sears moved for judgment as a matter of law on the grounds that RRK had failed to prove even the most basic elements of liability and damages, let alone the aggravated form of willful and malicious misappropriation. (Tr. 723-727, 1360-1362; Docket Nos. 273, 276.) The Court denied Sears' motion and the case, including the issue of willful and malicious misappropriation, was presented to the jury which returned a finding in favor of RRK. However, while the question of Defendant's willful and malicious misappropriation may be presented to the jury, whether Defendant's conduct justifies an award of punitive damages is ultimately a question for the Court. 765 ILCS 1065/4(b); *O2 Micro Int'l v. Monolithic Power Systems, Inc.*, 399 F.Supp.2d 1064, 1078-79 (N.D.Cal. 2005) (noting Commissioners' Comment to Uniform Trade Secret Act follows federal patent law in leaving the question of exemplary damages for the judge, not the jury, to determine).

Here, ***RRK failed to present <u>any evidence whatsoever</u> that Sears' conduct was "particularly shocking and outrageous" or "egregious" so as to qualify as willful and malicious***. In fact, RRK's principal witness, Mr. Kopras, testified at trial that the alleged misappropriation might have been inadvertent. Further, and perhaps most tellingly, counsel for RRK did not even argue that Sears' conduct reached such an aggravated level. Thus, Sears moves for a judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b) that Sears' alleged misappropriation was not willful and malicious, that the jury's award of punitive damages should therefore be stricken, and in the alternative, for a new trial pursuant to Fed.R.Civ.P. 59.

## II    FACTS

RRK alleged at trial that the concept of a plunge base accessory for a "Spiral Saw" was a trade secret which Sears allegedly misappropriated. RRK offered very little evidence at trial which could support this allegation. It offered no evidence whatsoever that would support a conclusion that any misappropriation by Sears was willful and malicious.

RRK met with Mr. Ray Holbrook of Sears in March of 1999 to discuss the possibility of manufacturing a Craftsman-branded tool for Sears. RRK and Mr. Holbrook discussed a "Spiral Saw" or "rotary saw" and several accessories, including a single-handle, single-post plunge base accessory. Mr. Holbrook was disappointed in the small size, power and price of the tool itself and, as a result, expressed little interest in it or the proposed accessories. RRK never brought Mr. Holbrook a proposal that satisfied his concerns, and both parties eventually dropped the subject.

Sears later purchased a Craftsman-branded rotary cutting tool from Choon Nang, along with a series of accessories, including a double-shaft, double-handle plunge base accessory which bears no physical resemblance to the accessory that RRK showed Mr. Holbrook.

RRK argued at trial that Mr. Holbrook must have mentioned RRK's proposed plunge base accessory to Mr. Ralph Jones of Sears Canada, who then disclosed the concept, but no

particular details, to Choon Nang. RRK offered no affirmative evidence of misappropriation by Sears, but relied solely on the coincidence that Mr. Jones happened to come up with the idea of a plunge base accessory in the same year that RRK disclosed its accessory to Sears.[1]

RRK offered no evidence whatsoever that Mr. Holbrook's actions were willful or malicious. RRK also offered no evidence whatsoever that Mr. Holbrook's alleged actions were either explicitly or implicitly authorized or condoned by Sears -- or even known to anyone at Sears. The actions of Mr. Jones and Choon Nang are not attributable to Sears as a matter of law as neither is employed by or an agent of Sears. Choon Nang is a third party with no relation to Sears. Mr. Jones was an employee of Sears Canada, not Sears, and since Sears Canada is a third party its employees' actions cannot be attributed to Sears.

## III    THE RELEVANT LEGAL STANDARDS

### A.    The Issue of Whether to Award Punitive Damages is for the Court

The question of whether a defendant has willfully and maliciously misappropriated a trade secret is unquestionably one for the Court to decide in a trade secret case. 765 ILCS 1065/4(b); *Kelsay*, 74 Ill.2d at 186 (1978); *Franz v. Calaco Development Corp.*, 818 N.E.2d 357, 367 (Ill. App. Ct. 2004). Because "punitive damages are not favored in the law, the courts must take caution to see that punitive damages are not improperly or unwisely awarded." *Roton Barrier, Inc. v. The Stanley Works, Inc.*, 79 F.3d 1112, 1120 (Fed. Cir. 1996).

In fact, Illinois public policy has long viewed punitive damages with disfavor. *See AMPAT/Midwest, Inc. v. Illinois Tool Works, Inc.*, 896 F.2d 1035, 1043 (7th Cir. 1990); *Loitz v. Remington Arms Co.,* 563 N.E.2d 397, 401 (1990). That disfavor has led to rigorous

---

[1] As detailed in Sears' co-pending motion on liability, Sears challenged whether RRK's trade secret was broad enough to cover a double-handle, double-shaft plunge base accessory, whether Mr. Holbrook disclosed anything to Jones, and even if he did, whether that disclosure could constitute "misappropriation" given that Sears' plunge base accessory is nothing like RRK's accessory.

preconditions. *AMPAT*, 896 F.2d at 1043-44 (plaintiff must show "gross fraud, breach of trust, or other extraordinary or exceptional circumstances clearly showing malice and willfulness"); *Roboserve, Inc. v. Kato Kagaku*, 78 F.3d 266, 275-77 (7th Cir. 1996) (plaintiff must show malice and "some element of outrage similar to that usually found in a crime").

Where, as here, there is simply no evidence at all of willful and malicious misappropriation, the Court should disregard the jury's verdict and enter judgment for Sears on this issue.

B. **Legal Standards Under Rule 50 and Rule 59**

Sears' prior motions for judgment as a matter of law on the issue of liability encompassed, by definition, Sears' position that there was also no evidence of an aggravated form of willful and malicious liability. Judgment as a matter of law is warranted where there is insufficient evidence for a reasonable jury to find for Plaintiff on a claim. Fed.R.Civ.P. 50(a). The standard for granting a motion for judgment as a matter of law is the same as for a summary judgment motion. *Massey v. Blue Cross Blue Shield of Ill.*, 226 F.3d 922, 924 (7th Cir. 2000). While the evidence and fair inferences should be considered in the light most favorable to the nonmoving party, judgment as a matter of law is warranted where the nonmoving party rests solely on "conclusory allegations, improbable inferences, and unsupported speculation." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *TI Group Automotive Systems, Inc. v. VDO North America*, LLC., 375 F.3d 1126, 1133 (Fed. Cir. 2004) (judgment as a matter of law is appropriate when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue").

This Rule 50 motion raises the question of whether the plaintiff presented sufficient evidence to support *any* punitive damages award. *Selle v. Gibb*, 741 F.2d 896, 900 (7th Cir. 1984); *Upgrade Corp. v. Michigan Carton Co.*, 423 N.E.2d 1277, 1278-1279 (Ill. App. Ct. 1981)

(affirming directed verdict in favor of Defendant in trade secret misappropriation case). To avoid judgment as a matter of law on an issue, "a plaintiff must do more than merely argue that the jury might have chosen to disbelieve all of the Defendant's evidence…A plaintiff must offer substantial evidence to support the argument." *Perfetti v. First National Bank of Chicago*, 950 F.2d 449, 456 (7th Cir. 1991): A mere scintilla of evidence will not suffice *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1173 (7th Cir. 2002).

A Court may also grant a new trial under Fed.R.Civ.P. 59, if it finds that the "verdict is against the weight of the evidence, that the damages are excessive, or that for other reasons, the trial was not fair to the moving party." Fed.R.Civ.P. 59(a); *General Foam Fabricators, Inc. v. Tenneco Chems., Inc.*, 695 F.2d 281, 285-288 (7th Cir. 1982) (*quoting Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

### C. Standard for Proving Willful and Malicious Misappropriation in a Trade Secret Case

In a trade secret case, a plaintiff must point to something ***other than the misappropriation itself*** to prove willful and malicious misappropriation. By the ITSA's own terms, trade secret misappropriation is an intentional tort. *Roton Barrier, Inc. v. The Stanley Works, Inc.*, 79 F.3d 1112, 1120 (Fed. Cir. 1996) (applying Illinois law and reversing award of punitive damages under the ITSA). Because trade secret misappropriation itself requires intent, an award of punitive damages requires something more. *Micro Data Base Systems, Inc. v. Dharma Systems, Inc.*, 148 F.3d 649, 654 (7th Cir. 1998) ("When an award of punitive damages requires that the Defendant have committed an aggravated form of the wrongful act sought to be punished, a defendant who commits the bare-bones [trade secret misappropriation] is not liable for such damages"); *see also Sufrin v. Hosier*, 128 F.3d 594, 598 (7th Cir. 1997) (mere fact that a tort is intentional does not make an award of punitive damages permissible in Illinois; "the

defendant's misconduct must be worse than the minimum required to be guilty of the tort for an award of punitive damages to be proper"). If it did not, "[the ITSA] would not limit punitive damages to cases in which the violation of the Act is willful or malicious." *Micro Data*, 148 F.3d at 654. Thus, in addition to a showing of misappropriation, there must be <u>separate</u> <u>evidence</u> that the misappropriation was also willful and malicious to support an award of punitive damages.

The Seventh Circuit has held that "willful and malicious misappropriation" requires "an intentional misappropriation *as well as* a misappropriation resulting from the conscious disregard of the rights of another." *Learning Curve Toys, Inc. v. Playwood Toys, Inc.*, 342 F.3d 714, 730 (7th Cir. 2003) (emphasis added). Malice involves committing an act in a "spirit of mischief or criminal indifference to civil obligations." *Hagen v. Richardson-Merrell, Inc.*, 697 F.Supp. 334 (N.D.Ill. 1988) (granting defendants' motion for summary judgment of no punitive damages on all claims in product liability case).

Illinois courts have not specifically addressed the burden of proof requirement for a finding and award of punitive damages. But, based on the increased constitutional concern that has been applied to the award of punitive damages, such damages in Illinois should only be awarded on the basis of clear and convincing evidence. Indeed, this comports with the law of the other states in the Seventh Circuit's jurisdiction. *See e.g., Micro Data,* 148 F.3d at 654; *Bud Wolf Chevrolet, Inc. v. Robertson*, 519 N.E.2d 135, 136 (Ind. 1988); *Strenke v. Hogner*, 694 N.W.2d 296, 305 (Wis. 2005). Nevertheless, even if the Court applied a mere preponderance standard, RRK has not come anywhere close to meeting its burden as it has offered no evidence of willful or malicious conduct beyond the alleged misappropriation itself.

# IV THE JURY'S AWARD OF PUNITIVE DAMAGES IS NOT SUPPORTED BY ANY EVIDENCE WHATSOEVER OF WILLFUL AND MALICIOUS MISAPPROPRIATION.

RRK failed to present evidence of *any* misappropriation, let alone evidence of *willful and malicious* misappropriation. RRK's entire case rested on the alleged actions of a single Sears' employee, Ray Holbrook. RRK alleged that Mr. Holbrook disclosed the alleged trade secret to Ralph Jones, an employee of third party Sears Canada.[2] Although Sears Canada shares the same name as its U.S. counterpart, it is a separate company from Sears USA which makes its own merchandise purchasing decisions without input or direction from Sears USA. (See, e.g., Tr. 612-613, 731-734.) Mr. Jones was not at any time an employee or agent of Defendant Sears USA. As such, his actions as an employee of Sears Canada are not attributable to Sears and cannot, as a matter of law, be used to support a finding of willful and malicious misappropriation by Sears.

RRK did not present any direct evidence of misappropriation. Rather, it conjured up a scenario based purely on coincidence and innuendo to support its claim that Sears misappropriated an alleged trade secret. This purported "evidence" does not even support a finding of misappropriation, let alone "egregious" and "particularly shocking and outrageous" behavior necessary for a finding of willfulness. In fact, the evidence of record supports a finding to the contrary as the facts below demonstrate:

1. RRK's and Sears' plunge base accessories are completely different constructions, with Sears' accessory mimicking accessories it had sold for years before RRK's alleged trade

---

[2] Mr. Holbrook testified under oath, and Mr. Jones confirmed under oath that Mr. Holbrook did not discuss the alleged trade secret with Mr. Jones; rather, Mr. Jones testified that he came up with the idea on his own and shared the idea with Choon Nang, who did not even meet Mr. Holbrook until the Fall of 2000 (Tr. 612:2-613:9, 733:1-751:7.)

secret disclosure. (See, e.g., DX 232.) Sears' product is certainly not some foreign made "knock off" or "copy" as RRK's counsel has inferred in an effort to inflame the jury.

2.	Mr. Bob Kopras, RRK's president, testified that he believed Ray Holbrook acted unintentionally. (Tr. 297.)

3.	There is uncontested testimonial and documentary evidence that Ray Holbrook believed that the product he bought from Choon Nang had been sold in Europe in 1998 before he ever saw RRK's proposed plunge base accessory. (Tr. 490:25-491:10, 613:10-615:23, 616:9-616:15, 651:21-654:7; DX 194; PX 202.)

4.	It is undisputed that many other identical or closely related tools had plunge base accessories prior to 1998, so there was nothing inherently suspicious about Choon Nang's product. (See, e.g., DX 100; DX 172; DX 232; DX 297; DX 298.)

5.	When RRK first complained about a purported trade secret violation, Sears' Vice President, Mr. Daniel Laughlin, conducted an independent investigation, along with Sears' legal counsel, and determined that no trade secret misappropriation had occurred. (Tr. 114:13-115:1, 303:20-306:7, 597:14-608:15; DX 15.) Indeed, Mr. Laughlin provided RRK with the opinion of Sears' legal counsel. (DX 15.) After RRK received that opinion in October, 2002, it made no further claims of misappropriation even though it continued to do business with Sears for nearly two years, after which it casually brought this suit. (Tr. 315:1-315:5.)

Thus, not only is there *no* evidence that Sears' alleged misappropriation was willful and malicious, but as shown above there is also clear evidence that Sears' alleged misappropriation was anything *but* willful and malicious. At most, "this a garden-variety trade secret dispute rather than anything that smacks of willfulness or malice." *Micro Data*, 148 F.3d at 654. Therefore, the jury's award of punitive damages is indefensible and should be stricken.

**V     RRK HAS FAILED TO SHOW THAT SEARS ORDERED, PARTICIPATED IN, OR RATIFIED ANY WILLFUL AND MALICIOUS CONDUCT BY AN EMPLOYEE.**

Punitive damages cannot be awarded against a corporation under the ITSA for the tort of the corporation's employee unless the corporation ordered, participated in, or ratified the wrongful conduct by an employee. *Kemner v. Monsanto Co.*, 576 N.E.2d 1146, 1156-1157 (Ill. App. Ct. 1991); Illinois Forms of Jury Instructions § 113.02. Even if the Court believes RRK presented sufficient evidence of willful and malicious misappropriation by Mr. Holbrook to support the jury's award of punitive damages, RRK presented no evidence at all that Sears authorized or ratified any willful and malicious misappropriation by Mr. Holbrook of RRK's alleged trade secrets.[3] In this case, there simply is no evidence that Mr. Holbrook's alleged actions were authorized or ratified, or even known, to anyone else at Sears.

**VI    THE JURY'S AWARD OF PUNITIVE DAMAGES SHOULD BE STRICKEN BECAUSE PLAINTIFF HAS FAILED TO PRESENT SUFFICIENT EVIDENCE OF ACTUAL DAMAGES.**

Punitive damages may not be awarded in the absence of compensatory damages. *Kemner*, 576 N.E.2d at 1153. Sears has filed a co-pending motion for judgment as a matter of law regarding actual damages. As Sears respectfully requests that the Court also grant that motion, the Court should also strike the jury's punitive damages award.

**VII   ALTERNATIVELY, SEARS IS ENTITLED TO A NEW TRIAL BECAUSE THE JURY'S AWARD OF PUNITIVE DAMAGES HAD NO BASIS AND WAS EXCESSIVE.**

Here, the overwhelming weight of the evidence is inconsistent with any award of punitive damages. Should the Court not grant Sears judgment as a matter of law on RRK's failure to meet

---

[3] Sears' legal counsel and Vice President Dan Laughlin conducted an internal investigation, met with Bob Kopras and independently reviewed the facts, finding no wrongdoing by Mr. Holbrook. RRK did not contest the independence or validity of that investigation, but instead suggested that Ray Holbrook acted outside the scope of his duties.

its burden of proving that Sears willfully and maliciously misappropriated its trade secret, the Court has discretion to, at the very least, grant Sears a new trial on the issue of whether Sears' conduct was willful and malicious because the jury's verdict was against the manifest weight of the evidence. *See* Fed.R.Civ.P. 59(a); *General Foam*, 695 F.2d at 285-286.

## VIII CONCLUSION

Based on the Court's independent right and duty to review punitive damages awards and the absence of any evidence supporting a finding of willful and malicious misappropriation in this case, Sears respectfully requests that the Court vacate its earlier entry of the jury's verdict of willful and malicious misappropriation, together with the corresponding award of punitive damages, and instead enter judgment as a matter of law that Sears' alleged misappropriation was not willful and malicious and that Plaintiff is not entitled to an award of punitive damages. Alternatively, the Court should grant Sears a new trial.

Dated: December 5, 2007

Respectfully Submitted,

/s/ Jeffrey G. Mote
Richard D. Harris
Mark R. Galis
Jeffery G. Mote
Cameron M. Nelson

GREENBERG TRAURIG LLP
77 W. Wacker Drive, Ste. 2500
Chicago, IL 60601

Attorneys for Defendant
Sears, Roebuck and Co.

## CERTIFICATE OF SERVICE

I, Cameron M Nelson, certify that on December 5, 2007, true and correct copies of this Defendant SEARS' MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL, OF NO WILLFUL AND MALICIOUS MISAPPROPRIATION AND NO CORRESPONDING PUNITIVE DAMAGES were served via the Court's electronic filing system to counsel of record for Plaintiff as set forth below:

    Mark M. Grossman, Esq.
    Lee F. Grossman, Esq.
    Grossman Law Offices
    29 S. LaSalle Street
    Suite 1210
    Chicago, Illinois 60603

                                                  /s/ Cameron M. Nelson
                                                  Cameron M. Nelson