UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RRK HOLDING COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 04 C 3944 |
| v. | ) |
| | ) |
| SEARS, ROEBUCK AND CO., | ) Judge David H. Coar |
| | ) Magistrate Judge Nan R. Nolan |
| Defendant. | ) |
| | ) |

## DEFENDANT SEARS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL OR *REMITTITUR*, ON DAMAGES

Defendant Sears, Roebuck and Co. ("Sears") renews its motions for judgment as a matter of law ("JMOL") on the damages verdict in favor of Plaintiff RRK Holding Company ("RRK") pursuant to Federal Rule of Civil Procedure 50(b).[1] Alternatively, Sears moves for a new trial or for an order of *remittitur* pursuant to Federal Rule of Civil Procedure 59. In support of this motion, Sears states as follows:

1. The jury returned a verdict in favor of RRK on its trade secret misappropriation and breach of contract claims and awarded RRK the following damages: (1) $11,664,105 for actual loss;[2] (2) $1,668,136 for unjust enrichment not included in RRK's actual losses; and punitive damages of $8,011,344. (Dkt. No. 283) The Court entered judgment for RRK in the amount of $21,363,585. (Dkt. No. 287) The confusion, prejudice and passion that infected this verdict are self evident from three glaring defects. First, the jury awarded $11,664,105 in lost profits for actual loss when RRK's own expert testified to only $11,229,798 in lost profits.

---

[1] Sears moved for judgment as a matter of law pursuant to Rule 50(a) that RRK's damages theories were legally defective because they were not limited to a "head start" period and because RRK failed to provide sufficient evidence for a reasonable jury to find that any damages were caused by Sears' alleged misappropriation. (See Dkt. No. 273 and 277) The Court denied these motions. (Dkt. No. 280)

[2] The jury based its $11,664,105 lost profits number on the identical erroneous number in Schedule 6 of Gemini's expert report (See D. Ex. 194) instead of using the $11,229,798 amount to which he testified at trial. Although RRK acknowledges this error in its Rule 59(e) motion for prejudgment and post-judgment interest, it makes no attempt to have the Court correct this obvious error. (See Dkt. No. 295 at p. 4)

Second, RRK never offered any evidence that would have allowed the jury to calculate $1,668,136 in additional unjust enrichment damages. Third, RRK presented no evidence of willful misappropriation by Sears nor even argued at closing argument that it was entitled to any punitive damages -- let alone the $8,011,344 awarded by the jury.

2. Judgment as a matter of law is warranted where there is insufficient evidence for a reasonable jury to find for Plaintiff on a claim. Fed.R.Civ.P. 50(a). The standard for granting a motion for judgment as a matter of law is the same as for a summary judgment motion.

3. A Court may also grant a new trial under Fed.R.Civ.P. 59, if it finds that the "verdict is against the weight of the evidence, that the damages are excessive, or that for other reasons, the trial was not fair to the moving party." Fed.R.Civ.P. 59(a). Where an award is not rationally connected to the evidence, the district court has the authority (1) to order a *remittitur*, if the plaintiff is willing to accept that remedy, or (2) to order a new trial limited to damages, if the plaintiff is not willing to accept a *remittitur*. *Int'l Fin. Servs. Corp. v. Chromas Tech. Can., Inc.*, 356 F.3d 73, 739 (7th Cir. 2004).

4. The first two components of the damages verdict, lost profits and unjust enrichment, were legally defective because they (1) were not limited to a "head start" period;[3] (2) included profits for non-trade-secret components, and (3) the product of unreliable methodology and unreasonable economic assumptions. In addition, RRK's entitlement to lost profits was cut off by Dremel's introduction of an alternative rotary saw/plunge attachment combination in July 2002.

5. The punitive damages component of the verdict is not supported by any evidence that Sears' conduct was "particularly shocking and outrageous" or "egregious" so as to qualify as willful and malicious. In fact, RRK's principal witness, Mr. Kopras, testified at trial that the alleged misappropriation might have been inadvertent. Counsel for RRK did not even argue that Sears' conduct reached such an aggravated level.

6. Illinois law disfavors punitive damages. Because "punitive damages are not favored in the law, the courts must take caution to see that punitive damages are not improperly

---

[3] RRK has asserted throughout this lawsuit that Illinois law does not recognize a "head start" period limitation for calculating damages under either an actual loss or unjust enrichment theory. See Plaintiff's Trial Brief at p. 15, Dkt. No. 194, Ex. I(1); RRK Response to Sears' Motion to Exclude Gemini Test. pp. 14-15, Dkt. No. 93; Plaintiff's Motion to Compel at pp. 3, 4, 7, 8, Dkt. No. 238; Plaintiff's arguments at jury instruction conference, Tr. at p. 1320.

or unwisely awarded." *Roton Barrier, Inc. v. The Stanley Works, Inc.*, 79 F.3d 1112, 1120 (Fed. Cir. 1996). The question of whether a defendant has willfully and maliciously misappropriated a trade secret is unquestionably one for the Court to decide in a trade secret case. 765 ILCS 1065/4(b). Trade secret misappropriation itself requires intent, thus, an award of punitive damages requires something more. *Micro Data Base Systems, Inc. v. Dharma Systems, Inc.*, 148 F.3d 649, 654 (7th Cir. 1998). In addition to a showing of misappropriation, there must be separate evidence that the misappropriation was also willful and malicious to support an award of punitive damages. Where, as here, there is simply no evidence of willful and malicious misappropriation, the Court should disregard the jury's verdict and calculation.

7. Accordingly, Sears is entitled to judgment as a matter of law because RRK's damages evidence was legally defective and insufficient to allow a reasonable jury to determine damages. The court can strike sums which are clearly unsupported as a matter of law without even offering RRK the option of a new trial. Here, the Court should eliminate punitive damages altogether and limit compensatory damages to just those **caused** by the alleged trade secret misappropriation, requiring damages be limited to a head start period of between 5½ to 8 months and apportioned to include only profits linked to the trade secret component. Sears expert, Catharine Lawton, offered testimony on a reasonable royalty analysis, concluding a $600,000 paid-up royalty was appropriate, which was the only damages evidence offered at trial that satisfies these legal requirements.

8. Alternatively, because the jury's damages award was clearly excessive, not based on any rational connection to the evidence, and the obvious product of confusion, passion and prejudice, Sears requests a new trial or entry of an order conditioning a new trial on RRK's acceptance of a *remittitur*. On *remittitur*, even if the Court concludes that the jury's punitive damages award is not legally defective, such damages should be reduced proportionately with any reduction in the compensatory damages award.

WHEREFORE, for the foregoing reasons, as set forth in more detail in the accompanying Memorandum of Law filed contemporaneously herewith, Sears respectfully requests this Court enter judgment as a matter of law pursuant to Rule 50(b) that (a) RRK is not entitled to compensatory damages under either its lost profits or unjust enrichment theories but, rather, only under a "reasonable royalty"; and (b) RRK is not entitled to punitive damages. Alternatively,

Sears requests the Court grant a new trial or enter an order of *remittitur* because the jury's verdict was excessive, against the weight of the evidence and the product of confusion, passion and prejudice.

Dated: December 17, 2007

Respectfully Submitted,

SEARS, ROEBUCK AND CO.

By: /s/ Jeffrey G. Mote
Richard D. Harris (IL Bar No. 1137913)
Mark R. Galis (IL Bar No. 6206938)
Jeffrey G. Mote (IL Bar No. 6243534)
Cameron M. Nelson (IL Bar No. 6275585)
GREENBERG TRAURIG LLP
77 West Wacker Drive
Suite 2500
Chicago, Illinois 60601
(312) 456-8400

# CERTIFICATE OF SERVICE

I, Cameron M. Nelson, certify that on December 17, 2007, I caused a true copy of **DEFENDANT SEARS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL OR *REMITTITUR*, ON DAMAGES and SEARS' AMENDED MEMORANDUM OF LAW IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL OR *REMITTITUR*, ON DAMAGES** to be served with the Clerk of the Court using the CM/ECF system which will send notification and copies of this filing upon the following:

>Mark M. Grossman, Esq.
>Lee F. Grossman, Esq.
>Grossman Law Offices
>29 S. LaSalle Street
>Suite 1210
>Chicago, Illinois 60603

>/s/ Cameron M. Nelson
>Cameron M. Nelson